Samuel J. LEFRAK et al., Plaintiffs,

v.

ARABIAN AMERICAN OIL COM-
PANY et al., Defendants.

NEW YORK CITY HOUSING AUTHOR-
ITY, Plaintiff,

v.

ARABIAN AMERICAN OIL COM-
PANY et al., Defendants.

ROCHDALE VILLAGE, INC.,
Plaintiff,

v.

ARABIAN AMERICAN OIL COM-
PANY et la., Defendants.

Harry B. HELMSLEY et al.,
Plaintiffs,

v.

ARABIAN AMERICAN OIL COM-
PANY et al., Defendants.

Nos. 74-C-1700, 75-C-15, 75-C-135
and 75-C-467.

United States District Court,
E. D. New York.

Nov. 12, 1975.

598

David Berger, P. A., Philadelphia, Pa. and Edelman, Berger, Peters & Koshel, by Jerome Edelman, Brooklyn, N. Y., for plaintiffs.

Donovan, Leisure, Newton & Irvine, New York City, for defendant, Mobil Oil Corp.

COSTANTINO, District Judge.

Defendant Mobil Oil Corporation moves in *Samuel J. Lefrak, et al. v. Arabian American Oil Co., et al., New York City Housing Authority v. Arabian American Oil Co., et al., Rochdale Village, Inc. v. Arabian American Oil Co.* and *Harry B. Helmsley, et al. v. Arabian American Oil Co., et al.,* for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing Counts I and II of each amended complaint for failure to state a claim upon which relief can be granted on the ground that plaintiffs lack standing to bring the action. Counts I and II respectively allege violations of § 1 of the Sherman Antitrust Act (15 U.S.C. § 1) and § 73 of the Wilson Tariff Act (15 U.S.C. § 8). Defendant Mobil also moves for an order dismissing Count III of each complaint for lack of pendent jurisdiction; it moves to dismiss Count IV of the *Helmsley* action for the same reason.

Turning first to the motion to dismiss Counts I and II, many of the points raised by Mobil relative to the sufficiency of the complaint need not be discussed here since they are dealt with sufficiently in this court's Memorandum and Order dated March 21, 1975 denying defendant Arabian American Oil Company's motion to dismiss. The standing issue was not dealt with in that opinion and is therefore analyzed here.

Section 4 of the Clayton Antitrust Act, 15 U.S.C. § 15, provides in relevant part: "Any person who shall be injured in his business . . . by reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." In *Billy Baxter, Inc. v. Coca Cola,* 431 F.2d 183, 187 (2d Cir. 1970) *cert. denied,* 401 U.S. 923, 91 S.Ct. 877, 27 L. Ed.2d 826 (1971) the court stated that there must be a "causal connection between an antitrust violation and an injury sufficient for the trier of fact to establish that the violation was a 'material cause' of or a 'substantial factor' in the occurrence of damage." The court held that a plaintiff must allege a "causative link to his injury which is 'direct' rather than 'incidental' or which indicates that his business . . . was in the 'target area' of defendant's illegal act" 431 F.2d at 187. Plaintiffs allege that certain specific activities were part of an illegal conspiracy to control domestic oil supplies and prices. These actions included the creation of the New York Advisory, Committee and the New York "meetings of chiefs." The injury alleged is that plaintiffs were forced to pay artificially high prices for home heating oil. The direct "causative link" between the injuries and the conspiracy is that plaintiffs' purchases were made at prices higher than those which they would have had to pay under natural conditions of competition in the absence of the conspiracy. Under the *Billy Baxter* test, the allegations of Counts I and II are sufficient to withstand the motion to dismiss for lack of standing.

In *Calderone Enterprises Corp. v. United Artists Theatre Circuit,* 454 F.2d 1292, 1295 (2d Cir. 1971) *cert.* denied, 406 U.S. 930, 92 S.Ct. 1776, 32 L. Ed.2d 132 (1972) the court held that for plaintiff to have standing under § 4 of the Clayton Act he must be a "person against whom the conspiracy was aimed, such as a competitor of the persons

sued." There is no merit to Mobil's contention that plaintiffs lack standing under *Calderone* because of plaintiffs' failure to allege that they compete with Mobil. The reference in *Calderone* to a competitor is merely suggestive of one type of person who may have standing.

 There is also no merit to Mobil's position that plaintiffs lack standing where they purchased oil from a distributor to whom the alleged conspirators had sold oil rather than from Mobil directly. Indirect purchasers under appropriate circumstances have standing in a private antitrust action. *Carnivale Bag Co. Inc. v. Slide-Rite Mfg. Corp.*, 395 F.Supp. 287 (S.D.N.Y.1975); *In re Master Key Litigation* 1973–2 Trade Cases 94,977 (D.Conn.1973). To accept Mobil's position would mean that monopolists could place themselves beyond the reach of the antitrust laws simply by selling their products through distributors. This interpretation of § 4 of the Clayton Act is contrary to the language of the statute and public policy.

In *Long Island Lighting Co. v. Standard Oil of California*, 521 F.2d 1269 (2d Cir. 1975), the "target area" concept was interpreted as including geographical considerations. The district court's dismissal of the second count of the conspiracy was reversed because the "second count, in marked contrast to the first, moves the target area of the alleged conspiracy from Saudi Arabia and Libya to the East Coast of the United States. It charges a conspiracy to reduce supply and inflate prices charged the electric utilities. Clearly Lilco is within the target area of such a conspiracy." Here, the complaint charges a conspiracy aimed at domestic consumers, including plaintiffs. Plaintiffs are within the target area of the conspiracy. Under the *Lilco* decision, as well as the other cases cited above, Mobil's motion to dismiss Counts I and II of each complaint for failure to state a claim on which relief can be granted must be denied. In view of this, the motion to dismiss for lack of pendent jurisdiction Count III of each of the complaints in addition to Count IV of the *Helmsley* complaint is denied. It should be noted that this decision deals solely with the sufficiency of the complaint. So ordered.